KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

JOSEPH M. HEKMAT (State Bar No. 265229)
**HEKMAT LAW GROUP**
11111 Santa Monica Blvd., Suite 1700
Los Angeles, California 90025
Telephone: (424) 888-0848
Facsimile: (424) 270-0242

Class Counsel and
Attorneys for Plaintiff Aristedes Francisco

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTEDES FRANCISCO, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br><br>EMERITUS CORPORATION, an unknown corporation; BROOKDALE SENIOR LIVING COMMUNITIES, INC., an unknown corporation, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: CV 17-02871 VAP (SSx)<br><br>[Hon. Virginia A. Phillips, Courtroom 8A]<br><br>**AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of Kenneth H. Yoon; Declaration of Joseph M. Hekmat; [Proposed] Order]<br><br>Date:     April 29, 2019<br>Time:    2:00 p.m.<br>Place:   Courtroom 8A<br><br>Date Filed: March 16, 2017 |

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 29, 2019, at 2:00 p.m. or as soon thereafter as this matter may be heard in Courtroom 8A of the above-entitled Court, located at the United States Courthouse, 350 W 1st Street, 8th Floor, Los Angeles, California 90012, Plaintiff Aristedes Francisco ("Plaintiff") will, and herby does, move this Court for an order (1) preliminarily approving the proposed class action settlement; (2) certifying the settlement class; (3) appointing Yoon Law, APC and Hekmat Law Group as Class Counsel for the settlement class, (4) authorizing the mailing of the proposed class action notice; and (5) scheduling a Final Approval and Fairness Hearing.

This motion is made on the grounds that the proposed settlement is a fair and reasonable compromise of the disputed claims in this action, and it satisfies all criteria for preliminary approval of a class action settlement.  The motion is based upon this notice, the attached memorandum of points and authorities, the declarations filed concurrently herewith, and all papers and records on file herein.


DATED:  March 25, 2019          **YOON LAW, APC**
                                **HEKMAT LAW GROUP**


                                By:  ___*/s/ Kenneth H. Yoon*___
                                     Kenneth H. Yoon
                                     Stephanie E. Yasuda
                                     Joseph M. Hekmat
                                     Attorneys for Plaintiff Aristedes Francisco

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................. 1

II.     SUMMARY OF THE LITIGATION ............................................... 2

        A.      Pleadings.................................................................................... 2

        B.      Discovery and Investigation ..................................................... 2

        C.      Settlement ................................................................................. 3

III.    SUMMARY OF SETTLEMENT ..................................................... 3

IV.     PRELIMINARY APPROVAL OF THIS SETTLEMENT
        IS APPROPRIATE ........................................................................... 5

        A.      Legal Standard .......................................................................... 5

        B.      The Settlement Meets the Standards for Preliminary Approval ........ 6

                1.      Arms'-Length Negotiations......................................... 6

                2.      Sufficient Investigation and Discovery..................... 6

                3.      Class Counsel's Wage and Hour Class Action Experience ...... 7

        C.      The Settlement is Fair, Adequate, and Reasonable ........................... 7

                1.      The Settlement is Fair and Reasonable Given
                        Maximum Potential Recovery and Accompanying
                        Risks of Continued Litigation....................................... 7

                2.      Costs and Risks of Continued Litigation .................. 8

                3.      Non-Admission of Liability by Defendants................ 9

                4.      The Settlement is Within the Range of Reasonableness ........ 10

V.      PLAINTIFF SEEKS APPROVAL OF THE CLASS PERIOD FOR
        THE CERTIFIED CLASS .............................................................. 10

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF CONTENTS (cont'd)

VI.    CONDITIONAL CLASS CERTIFICATION ……………………….…..14

    A.    The Class is Sufficiently Numerous…………………….………12

    B.    The Class is Ascertainable ……………….………….………12

    C.    There are Common Issues of Law and Fact………………….……12

    D.    The Claims of the Named Plaintiff are Typical of the Class……….13

    E.    Class Counsel and the Class Representatives are Adequate…..…..13

    F.    The Class Action is the Superior Means of Adjudication …………14

VII.   THE PROPOSED CLASS NOTICE MEETS THE REQUIREMENTS OF RULE 23 AND DUE PROCESS..........................................................15

VIII.  THE REQUESTED ENHANCEMENT IS REASONABLE....................17

IX.    CONCLUSION ..........................................................................20

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*Bogosian v. Gulf Oil Corp.*,
  621 F. Supp. 27 (E.D. PA 1985) ....................................................... 13

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ...................................................... 8

*Ching v. Siemens Industry, Inc.*,
  2013 WL 6200190 (N.D. Cal. Nov. 27, 2013) ....................................... 5

*Class Plaintiffs v. Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ........................................................... 6

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998) .......................................................... 13

*Dunn & Bradstreet Credit Servs. Customer Litig.*,
  130 F.R.D. 366 (S.D. Ohio 1990) ..................................................... 12

*Eddings v. Health Net, Inc.*,
  2013 WL 169895 (C.D. Cal. Jan. 16, 2013) ........................................ 11

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974) ........................................................................ 11

*Enterprise Energy Corp. v. Columbia Gas Transp. Corp.*,
  137 F.R.D. 240 (S.D. Ohio 1991) ..................................................... 12

*Evans v. Jeff D.*,
  475 U.S. 717 (1986) .......................................................................... 6

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ........................................................... 8, 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ........................................................... 6

*In re General Motors Corp.*,
  55 F.3d 768 (3d Cir. 1995) ................................................................ 7

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ........................................................... 5

*In re Tableware Antitrust Litig.*,
  484 F.Supp.2d 1078 (N.D. Cal. 2007) ................................................. 5

*Ma v. Covidien Holding, Inc.*,
  2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ......................................... 5

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

## TABLE OF AUTHORITIES (cont'd)

*Molski v. Gleich,*
  318 F.3d 937 (9th Cir. 2003) .................................................................. 5

2

*National Rural Telecomms. Coop. v. DIRECTV, Inc.,* 2
  21 F.R.D. 523 (C.D. Cal. 2004) ............................................................. 9

*Officers for Justice v. Civil Serv. Comm'n,*
  688 F.2d 615 (9th Cir. 1982) ............................................................ 5-6, 9

*Roberts v. Texaco,*
  979 F. Supp. 185, 201 (S.D.N.Y 1997) .......................................... 13, 14

*Rodriguez v. West Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) .................................................................. 6

*Ross v. Trex Co., Inc.,*
  2009 WL 2365865 (N.D.Cal. July 30, 2009) ......................................... 5

*Stanton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) .................................................................. 5

*Van Vranken v. Atlantic Richfield Co.,*
  901 F. Supp. 294 (N.D. Cal. 1995) ...................................................... 13

*Wright v. Linkus Enter., Inc.,*
  259 F.R.D. 468, (E.D. Cal. 2009) ........................................................ 11

*Young v. Katz,*
  447 F.2d 431 (5th Cir. 1971) .................................................................. 9

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The parties have reached a proposed settlement that, if approved by the Court, will fully resolve this action.  Plaintiff Aristedes Francisco ("Plaintiff"), on behalf of himself and the certified class, moves this Court for an order: (1) preliminarily approving the proposed Joint Stipulation of Settlement and Release ("Settlement Agreement" or "Settlement") and the class action settlement it embodies; (2) approving the proposed notice plan and directing distribution of the proposed class notice (attached as Exhibit 1 to the proposed Settlement Agreement); and (3) setting a schedule for final approval.

The certified class consists of all current and former non-exempt employees of Defendants Emeritus Corporation, Brookdale Senior Living Communities, Inc., and DOES 1 through 50 ("Defendants") who worked for Emeritus Corporation in California at any time from May 11, 2013, to the present, excluding those who transitioned to any Brookdale entity. Plaintiff seeks approval of the proposed class action settlement for the putative class for the time period from May 11, 2013 through July 31, 2014.[1]

The terms of the proposed settlement are fair and are the product of serious, arm's-length negotiation.   The proposed settlement is for the gross sum of $250,000 (plus Defendants' share of payroll tax), which represents the total amount payable in this settlement by Defendant, and includes without limitation the Settlement Administration Costs, attorneys' fees, litigation costs, and the Class Representative Enhancement Payment. The Maximum Settlement Amount is exclusive of the employer's share of payroll taxes (if any). (Settlement ¶ 2.19.)

Plaintiff respectfully requests that the Court preliminarily approve the Settlement Agreement and the class action settlement it embodies, direct notice to

---

[1]     July 31, 2014 is the transition date where Emeritus employees were transitioned to Brookdale, the acquiring entity.

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

the class, and schedule a final approval hearing.

## II. SUMMARY OF THE LITIGATION

### A. <u>Pleadings</u>

Plaintiff is a former employee of Defendants, a chain of senior living and skilled nursing facilities. Plaintiff filed his complaint in the California Superior Court for the County of Los Angeles on March 16, 2017. Therein, he asserted various violations of California's Labor Code and Business & Professions Code premised upon the following alleged acts and omissions by Defendant: (1) failure to pay all meal period wages and rest break wages, (2) failure to pay all minimum and overtime wages, (3) failure to pay all wages due and owing upon termination of employment, (4) failure to provide accurate wage statements, and (5) engaging in unfair business practices pursuant to Business and Professions Code §17200 *et seq.* (Unfair Competition Law ("UCL")). (DE 1-1, pp. 5-17.)

Defendant removed the action to the District Court for the Central District of California on April 14, 2017. (DE 1.) Plaintiff amended the original complaint on June 1, 2017 (the First Amended Complaint or "FAC"), to plead a single UCL cause of action premised upon Labor Code §§ 226.7, 510, 512, 1194 and Industrial Welfare Commission ("IWC") Wage Order No. 5-2001 (codified as California Code of Regulations, title 8, §11050) and to remove allegations for claims related to Labor Code §§ 203 and 226. (DE 19.) The FAC also narrowed the definition of the class to employees who have not executed arbitration agreements with Defendant Brookdale Senior Living Communities, Inc.

On July 14, 2017, the Court granted Defendants' Motion to Dismiss Complaint and/or to Strike, striking those portions of Plaintiff's UCL claim premised upon Labor Code section 226.7.

### B. <u>Discovery and Investigation</u>

The Parties engaged in the discovery necessary for class-certification, which was set for hearing on April 2, 2019. Plaintiff's filing deadline for his

motion for class certification was originally December 10, 2018. No trial date was set as of the settlement date. The Court later vacated these dates based upon the stipulation of the Parties. (DE 83.)

The discovery conducted in this action required an extensive amount of time and resources expended by all counsel of record. Plaintiff propounded sets of interrogatories, and requests for production of documents, which yielded hundreds of pages of documents and thousands of lines of data that Plaintiff analyzed through his retained expert. Plaintiff's counsel conducted a deposition of Defendants' witness designated per Federal Rule of Civil Procedure 30(b)(6). Plaintiff's counsel also defended the deposition of Plaintiff. (Declaration of Kenneth H. Yoon ("Yoon Decl.") ¶ 9.)

The discovery process necessitated an informal discovery conference and formal motion practice to compel further discovery responses. (Yoon Decl. ¶ 10.)

### C. **Settlement**

The Parties participated in an all-day mediation session with David A. Lowe of Rudy, Exelrod, Zieff & Lowe, L.L.P. on June 28, 2018. The case did not settle at that time. However, continued discussions between counsel resulted in an informal compromise on November 20, 2018. A formal Settlement Agreement was executed between the parties. (Yoon Decl. ¶ 11, Exhibit A.)

## III. SUMMARY OF SETTLEMENT

The Settlement Agreement, attached to the Declaration of Kenneth H. Yoon as Exhibit A, provides for $250,000 as the Maximum Settlement Amount. (Settlement ¶ 2.19.) This settlement is claims made with no reversion to the Defendant. (Settlement ¶ 6.10.3.) Unclaimed payments will be transmitted to the California Department of Industrial Relations, which will hold the funds for that class member under California's Unclaimed Property Law. (Settlement ¶ 6.11.3.)

The Net Settlement Amount is the balance of the Gross Settlement Amount after the following are deducted:

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

- Attorneys' fees in an amount up to $83,333.25 (33 1/3% of the Gross Settlement Amount) (Settlement ¶ 6.6);

- Actual litigation costs advanced by Class Counsel not to exceed $15,000 (*Id*);

- Settlement Administration Costs estimated to be in the amount of $22,000.00 (Yoon Decl. ¶ 15);

- Up to $10,000 for the Enhancement Payment to Plaintiff (Settlement ¶ 2.14);

The Settlement Class Period is defined as May 11, 2013 through July 31, 2014. (Settlement ¶ 2.6.) The Class is estimated to have approximately 2,344 members. (Settlement ¶ 2.6.)

The Net Settlement Amount will be paid out to all Settlement Class members who do not timely submit a valid and timely opt-out request. The Class Notice explains to the Class Members all the procedures for settlement, including opt-out and objection procedures. (Class Notice, attached as Exhibit 1 to the Settlement.)

Each Class Member's share shall be based on the number of pay periods worked by the total number of pay periods that every Class Member was a member of the Class during the Class Period multiplied by the Net Settlement Amount. Pay periods shall be all pay periods within which a Class Member was considered actively employed by Emeritus as a member of the Class for any length of time in California during the Class Period. Thus, any pay periods during which a Class Member was employed by Emeritus but not actively employed as a member of the Class (for example, while classified as exempt, while on a leave of absence, while outside California, etc.) are not included as pay periods. (Settlement ¶ 6.10.1.) Thus, the allocation awards greater share to those people who worked a greater part of the Class Period.

## IV. PRELIMINARY APPROVAL IS WARRANTED

### A. <u>Legal Standard</u>

A proposed settlement under Federal Rule of Civil Procedure 23(e) must be "fundamentally fair, adequate, and reasonable." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Pursuant to Rule 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The purpose of Rule 23(e) is "to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *Ma v. Covidien Holding, Inc.*, 2014 WL 360196 at *3 (C.D. Cal. Jan. 31, 2014) (quoting *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008)).

To determine the preliminary fairness of an agreement, the Court balances "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; [and] the presence of a governmental participant." *Stanton*, 327 F.3d at 959, quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003); see also *Ching v. Siemens Industry, Inc.*, 2013 WL 6200190 at *6-7 (N.D. Cal. Nov. 27, 2013) (applying these factors to a preliminary approval of class settlement). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)). The question for preliminary approval of a settlement is whether it is "within the range of reasonableness." *Ross v. Trex Co., Inc.*, 2009 WL 2365865 at *3 (N.D.Cal. July 30, 2009).

The initial determination to approve or reject a proposed settlement is "committed to the sound discretion of the trial judge." *Officers for Justice v. Civil*

Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982). The Court's role in evaluating the proposed settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (quoting *Officers for Justice*, 688 F.2d at 625). In evaluating a settlement agreement, it is not the Court's role to second-guess the agreement's terms. *Officers for Justice*, 688 F.2d at 625. "Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("Neither the district court nor this court ha[s] the ability to delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety."). In general, there is a strong judicial policy favoring class settlements. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

**B.   The Settlement Meets the Standards for Preliminary Approval**

**1.   Arms'-Length Negotiations**

The Settlement before the Court was reached through arms'-length bargaining. Each side was represented by reputable attorneys, experienced in wage and hour law and class action litigation. Each side prepared their case based on the extensive discovery exchanged between the parties and their own independent investigations. (*See* Yoon Decl. ¶ 12.)

**2.   Sufficient Investigation and Discovery**

As detailed above and in the Yoon Declaration (¶¶ 8-10), the Parties conducted extensive discovery and investigation, including production and review of salient documents, depositions, and merits-based discovery. The settlement

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

only came after the Parties had performed a significant amount of merits-based discovery.

### 3. Class Counsel's Wage and Hour Class Action Experience

Here, counsel for both Plaintiff and Defendants have a great deal of experience in wage and hour class action litigation. Plaintiff's counsel have significant and reputable histories of litigating complex cases, including wage and hour class actions, such as the present case, as discussed further *infra* in section VI (E).

This was a contentious and litigation intensive case where Plaintiff retained an expert and was working towards preparing his motion for contested class certification before reaching this tentative resolution. As noted above, Plaintiff's counsel conducted extensive investigation of the factual allegations in this case. Thus, based upon such experience and knowledge of the current case, Plaintiff's counsel believe that the current settlement is fair, reasonable, and adequate. In sum, there should be a presumption of fairness because the factors establishing such a presumption are satisfied.

### C. The Settlement is Fair, Adequate, and Reasonable

The Settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risk of litigation, the risk of appeals, the risks in an area where it is argued that the law is unsettled, and the costs of pursuing such litigation. The Settlement here is within a range of reasonableness allowing for preliminary approval. Applying the rest of the factors here, the Settlement for each participating Class Member is fair, reasonable and adequate, given the inherent risk of litigation, the risk of appeals, the risks in an area where it is argued that the law is unsettled, and the costs of pursuing such litigation.

### 1. The Settlement is Fair and Reasonable Given Maximum Potential Recovery and Accompanying Risks of Continued Litigation

To assess the fairness, adequacy and reasonableness of a class action

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

settlement, the Court must weigh the immediacy and certainty of substantial settlement proceeds against the risks inherent in continued litigation. *See In re General Motors Corp.*, 55 F.3d 768, 806 (3d Cir. 1995) ("present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement."); *see also Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 616-17 (N.D. Cal. 1979)

Plaintiff's overtime wage claims were premised upon Plaintiff's allegation that Defendant implemented an unofficial policy of requiring employees to work off the clock, including for the time spent working through recorded meal periods and post-liminary work.

Based upon the documents that Defendant produced for about 600 employees, Plaintiff calculated damages for time spent working through meal periods as 30 minutes of unpaid time for every shift over six hours. There were 27,612 shifts in the data that were over six hours, of which 1,959 were over eight hours and 220 were over 12 hours. Thus, Plaintiff calculated damages in the amount of $122,841.39 for unpaid straight time (25,433 shifts x 0.5 hours x $9.66), $14,192.95 for unpaid overtime (1,959 shifts x 0.5 hours x $14.49), and $2,125.20 for unpaid doubletime (220 shifts x 0.5 hours x $19.32), which Plaintiff calculated grossed up to a little over **$550,000** for the Class.

Plaintiff estimated preliminary and postliminary overtime in the amount of 20 minutes for each workday, for damages in the amount of a little less than **$290,000** for the Class.

Plaintiff calculates damages as the difference between the amount Defendant compensated employees as indicated in the paycheck paystubs and what employees should have been paid had they been properly compensated based on the correct workday. Plaintiff estimates this damage to total a little over **$60,000** for the Class.

Because of the Court's ruling on motions, there are no other damages available for the exposure analysis.

### 2. Costs and Risks of Continued Litigation

Another factor considered by courts in approving a settlement is the complexity, expense, and likely duration of the litigation. *Officers of Justice*, 688 F.2d at 625; *Girsh*, 521 F.2d at 157. In applying this factor, the Court must weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433-34 (5th Cir. 1971).

The Settlement provides fair and prompt relief to all Class Members in lieu of lengthy continued litigation. After resolution of Plaintiff's class certification motion, assuming the class survived, the Parties would proceed with a class action trial, estimated to take several days.

At trial, there exists the regular risk that the trier of fact will not find that the high range of damages is warranted, but may award a lower amount of damage.

Further, after a decision favoring the Class, Defendant would have the right to appeal. Given the realities of appellate practice, this process places ultimate relief several years away. The immediate and substantial recovery now, versus a years-long appeal process regarding various potential issues, is a significant factor to be considered. *See National Rural Telecomms. Coop. v. DIRECTV, Inc.*, Nos. CV 99–5666 LGB(CWX), CV 00–2117 LGB(CWX), 221 F.R.D. 523, 526-27 (C.D. Cal. 2004) (Baird, J.) ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

### 3. Non-Admission of Liability by Defendants

Plaintiff understands that Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit, and further denies that,

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

for any purpose other than that of settling this lawsuit, this action is appropriate for class treatment. Defendant maintains, among other things, that they have complied at all times with California wage and hour laws.

This denial increases the likelihood of protracted litigation.

### 4. The Settlement is Within the Range of Reasonableness

The reasonable high-end exposure estimated by Plaintiff is $900,000 for total damages. The gross settlement in the amount of $250,000 thus accounts for approximately 25-30% of the estimated exposure. Plaintiff respectfully submits this not only well within the range of reasonableness, but an excellent result. *See, e.g.*, William B. Rubenstein et al., *Newberg on Class Actions* § 13:15 (5th ed. 2016) (the range of reasonableness percentage could be as low as 1/100[th] or 1/1000[th] of 1%); *Ma*, 2014 WL 360196 at *5 (finding a settlement worth 9.1% of the total value of the action "within the range of reasonableness"); *Balderas v. Massage Envy Franchising, LLC*, 2014 WL 3610945, at **5** (N.D. Cal. July 21, 2014) (granting preliminary approval of a net settlement amount representing 5% of the projected maximum recovery at trial); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *9 (N.D. Cal. Jan. 26, 2007) aff'd, 331 Fed. Appx. 452 (9th Cir. 2009) (approving a settlement of an action claiming unpaid overtime wages where the settlement amount constituted approximately 25% to 35% of the estimated actual loss to the class); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 325 (3rd Cir. 2011) (there appears to be "no authority that requires a district court to assess the fairness of a settlement in light of the potential for trebled damages."). Further, in light of Defendant's denial of liability, the Court should discount the total value of the claims to account for the risks and costs of continued litigation. Accordingly, the total exposure based on Defendant's anticipated defenses may be anywhere from zero and $900,000. (Yoon Decl. ¶ 14.)

## V. PLAINTIFF SEEKS APPROVAL OF THE CLASS PERIOD FOR THE CERTIFIED CLASS

The certified class consists of current and former nonexempt employees of

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Defendants Emeritus Corporation, Brookdale Senior Living Communities, Inc., and DOES 1 through 50 ("Defendants") who worked for Emeritus Corporation in California at any time from May 11, 2013, to the present, excluding those who transitioned to any Brookdale entity. Plaintiff seeks approval of the proposed class action settlement for the certified class for the time period from May 11, 2013 through July 31, 2014.

## VI. CONDITIONAL CERTIFICATION OF THE CLASS IS APPROPRIATE

Pursuant to the Settlement, the Parties have agreed to seek conditional certification, for settlement purposes only, of a class defined as:

> [A]ll current and former non-exempt employees of Defendants who worked for Emeritus Corporation in California at any time from May 11, 2013 to the present, excluding those who transitioned to any Brookdale entity.

(Settlement, at 2.3.) The Parties seek approval of the proposed class action settlement for the putative class for the time period from May 11, 2013 through July 31, 2014. (Settlement, at 2.6.)

A proposed class may be conditionally certified if it "satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (1998). Wage-and-hour cases such as the above-captioned matter "routinely proceed as class actions." *Prince v. CLS Transp., Inc.,* 118 Cal. App. 4th 1320, 1328 (2004). Obviously, many such cases settle. Here, there has not yet been certification of a class; that is, the Settlement was negotiated prior to the filing of a motion for class certification. However, "[a] trial court unquestionably ha[s] the authority to conditionally certify a class for settlement purposes." *Hernandez v. Vitamin Shoppe Indus. Inc.,* 174 Cal. App. 4th 1441, 1457 (2009).

### A.    The Class is Sufficiently Numerous

Federal Rule of Civil Procedure 23(a)(1) requires that a class be so numerous that joinder of all members is impracticable.  Numerosity does not require that joinder of all members be impossible, but only that joinder be impracticable.  *Arnold v. United Artists Theatre Circuit, Inc*. 158 F.R.D. 439, 440 (N.D. Cal. 1994); *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913-914 (9th Cir. 1964).  In this matter, the Settlement Class includes approximately 2,344 members.  Therefore, numerosity is easily established.

### B.    The Class is Ascertainable

The proposed class must also be ascertainable, and must identify "a distinct group of plaintiffs whose members can be identified with particularity." *Lerwill v. Inflight Motion Pictures, Inc*. 582 F. 2d 507, 512 (9th Cir. 1978).   In this case, the members of the proposed Settlement Class can be readily identified with particularity for the following primary reasons: (1) the class definition is stated in terms that are objectively easy to understand and do not require any specific knowledge of Defendant's business, (2) Defendant maintains timekeeping, payroll, and other records that show the dates of employment for its non-exempt employees as well as which transitioned from Emeritus to Brookdale. The Settlement Class is therefore ascertainable.

### C.    There Are Common Issues of Law and Fact

Federal Rule of Civil Procedure 23(a)(2) requires that there are "questions of law or fact common to the class." Fed. R. Civ. P. § 23(a)(2).  For the "common question" requirement to be met, "[t]he existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class if there are questions of law and fact common to the class." *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003); *see* also *Hanlon*, 150 F.3d at 1019.

In this case and for settlement purposes only, Defendant has stipulated and

agreed with Plaintiff that common issues of law and fact exist. These include whether Defendant maintained statewide policies and practices that did not comply with California law on the payment of wages and the provision of meal periods. Furthermore, all proposed class members seek damages for the same alleged violations. The only difference between class members will be the specific dollar amounts of recovery to which each class member is entitled, which is common because individual assessment of damages is required in all class-action cases. Under these circumstances, the commonality requirement is met.

## D. The Claims of the Named Plaintiff are Typical of the Claims of the Class

The typicality requirement is met if the claims of the named plaintiff are typical of those of the class, though "they need not be substantially identical." *See Hanlon*, 150 F.3d at 1020; *Classen v. Weller*, 145 Cal. App. 3d 27, 46-47 (1983). The requirement is satisfied here, where Plaintiff's claims arise from the same alleged course of conduct that gave rise to the claims of other Class Members. Specifically, Plaintiff himself is a member of the Class and he asserts that he personally was not compensated for his time spent working during so-called meal periods and for time spent after clocking-out at the end of each work day, because he – like everyone else – was subject to the same alleged policies and procedures as every other Class Member. Plaintiff's claims are typical of the Class as a whole because they arise from the same factual basis and are based on the same legal theories. Therefore the typicality requirement is readily met.

## E. Class Counsel and the Class Representatives are Adequate

The adequacy requirement is met if the class representative and class counsel have no interests adverse to the interests of the proposed class members and are committed to fairly, vigorously, and competently prosecuting the case on behalf of the class. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *see also Hanlon*, 150 F.3d at 1020.

Here, Plaintiff is an adequate class representative. Plaintiff has no conflict of interest with any class member, as he has been damaged by the same alleged conduct as the Class Members and has the incentive to fairly represent all Class Members to achieve the maximum possible recovery. Plaintiff is committed to pursuing the claims of the Class Members, and his motivation in retaining counsel and pursuing this action has solely been to collect the amount owed for himself and his fellow Class Members. Plaintiff is fully informed of his duties as a class representative and is further aware that he surrendered any right to compromise the group action for his own individual gain. Plaintiff has taken the time to be an active participant in this action, including sitting for his deposition on November 28, 2017.

Furthermore, Plaintiff is represented by counsel who have extensive experience in complex wage-and-hour litigation and have protected the interests of the Class Members. The qualifications of class counsel—Kenneth Yoon, Stephanie Yasuda, and Joseph Hekmat—are set forth in the accompanying Yoon Declaration. Those qualifications should assure the Court that the interests of the unnamed Class Members will be adequately and vigorously represented, and that proposed class counsel will adequately discharge its responsibilities to the class. (Yoon Decl. ¶¶ 16-21.)

Accordingly, Plaintiff and Plaintiff's counsel are adequate and will continue to fairly and adequately represent the Class.

**F.** **The Class Action Method is the Superior Means of Adjudication**

Class actions are the superior method of adjudication when they unify claims that would otherwise require adjudication of numerous separate actions arising out of the same basic facts. *See Jaimez v. Daiohs USA, Inc.,* 181 Cal. App. 4th 1286, 1308 (2010) ("[i]n light of the numerous common issues of fact and law that predominate in this lawsuit, we conclude that proceeding by way of class action is the superior method of adjudication"); *Sav-On Drug Stores, Inc. v.*

*Superior Court,* 34 Cal. 4th 319, 326 (2004) ("As alleged, each class member's claim to unpaid overtime depends on whether he or she worked for defendant during the relevant period in a position that was misclassified .... "). Further, there is recognition by the courts that class actions are encouraged where "absent effective enforcement, the employer's cost of paying occasional judgments and fines may be significantly outweighed by the cost savings of not paying overtime." *Gentry v. Superior Court,* 42 Cal. 4th 443, 462 (2007).

Here, the numerous common issues of law and fact that predominate in this case make class treatment the superior method of adjudication. Plaintiff's claims are based on the same system-wide policies, procedures, and practices that apply to all Class Members. This class action will serve to deter further unlawful employment practices on the part of Defendant. The wage-and-hour claims of the class members are difficult to prosecute as individual employees because (1) many of the individual claims are likely to be relatively low-value and may need to be litigated in small claims court, and (2) these employees are likely to be unaware of their right to meal periods or rest breaks, particularly because it is common in the delivery industry for companies to deny employees meal periods and rest breaks during peak hours.

For all these reasons, a class action is the superior means of resolving Plaintiff's and Class Members' claims and this action should be certified accordingly.

## VII. THE PROPOSED CLASS NOTICE MEETS THE REQUIREMENTS OF DUE PROCESS

The proposed notice (Exhibit 1 to the Settlement Agreement) complies with due process and Rule 23. Under Rule 23(e), the court "must direct notice in a reasonable manner to all class members who would be bound by the propos[ed] settlement]." Fed.R.Civ.P. 23(e)(1). Class members are entitled to receive "the best notice practicable under the circumstances." *Wright v. Linkus Enter., Inc.,* 259 F.R.D. 468, 475 (E.D. Cal. 2009), quoting Fed.R.Civ.P. 23(c)(2). Notice is

satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004), quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). In addition, notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974); *see also Eddings v. Health Net, Inc.*, 2013 WL 169895 at *6 (C.D. Cal. Jan. 16, 2013) (finding that the parties' plan for notice by first-class mail met the "best practicable notice" standard where the settlement administrator would take steps such as database searches to ensure that class members' addresses were current and would re-mail returned notices).

The Settlement provides that the Settlement Administrator will send by first class mail a copy of the court-approved notice to all Class Members. (Settlement ¶ 6.3.) Class Members will have forty-five (45) days from the date of the initial mailing to object or request exclusion. (Settlement ¶ 2.11.) There is no requirement to file a claim to be paid; the administration of the settlement payments to Class Members is an automatic process. (Settlement at ¶ 6.10.3.) The Class Notice provides Class Members with information as to how they may be paid for their respective proportionate shares of the Net Settlement Amount. (Settlement Ex. 1.) In the event a Notice Packet is returned undeliverable, the Settlement Administrator will make reasonable efforts to obtain a valid mailing address by using the social security number of the class member and standard skip tracing devices to conduct a search for a correct mailing address. (Settlement ¶ 6.3.2.)

The Class Notice provides the Class everything they need to know in order to make an informed decision. It provides an explanation of the proposed Settlement and procedures on how to object and appear. The documentation provides a brief explanation of the case, the exclusion date and procedure for

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

exclusion, the attorney's fees to be paid and the individual members' estimated recovery under the Settlement net of expenses, which are all included in the notice papers. It also states that those who do not opt out will be bound by the Settlement. (Yoon Decl. Ex. A-1.) Additionally, the settlement release is broader than the certified claims, and the notice will give Class Members the opportunity to evaluate the settlement release and choose to either participate and opt-out of the action.

The estimated sum for Settlement Administration Costs is $22,000.00. (Yoon Decl. ¶ 15.)

## VIII. THE REQUESTED ENHANCEMENT IS REASONABLE

Pursuant to the terms of the Settlement, Defendants agreed not to oppose an enhancement payment to the Class Representative of $10,000, which Plaintiff requests this Court preliminarily approve.

It is appropriate to provide a payment to a class representative for his or her services to the class. *Van Vraken v. Atlantic Richfield Co.,* 901 F.Supp. 294, 299 (N.D. Cal. 1995); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 614 (C.D. Cal. 2005) ("Proceeding by means of a class action avoids subjecting each employee to the risks associated with challenging an employer"); *Bogosian v. Gulf Oil Corp.*, 621 F.Supp. 27, 32 (E.D. Pa. 1985).

Incentive awards for representative plaintiffs are both proper and routine. For example, in *Enterprise Energy Corp. v. Columbia Gas Transp. Corp.*, 137 F.R.D. 240, 250-51 (S.D. Ohio 1991), each representative plaintiff was granted a $50,000.00 incentive award. Also, the class representatives in *In re Dunn & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 377 (S.D. Ohio 1990), received incentive awards ranging from $35,000.00 to $55,000.00. Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate to induce individuals to step forward and assume the burdens and obligations of representing the class. In deciding the amount of an enhancement

award for a class representative, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions and the amount of time and effort the plaintiff expended in pursuing the litigation. *See Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299-300 (N.D. Cal. 1995); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. PA 1985).

Particularly in employment class actions, such as discrimination or wage claims, named plaintiffs should be entitled to an enhancement award as an incentive to take the risks associated with pursuing employment claims on behalf of other employees. An award is justified where the plaintiff is a "present or past employee whose present position or employment credentials or recommendation may be at risk by reason of having prosecuted the suit, who therefore lends his or her name and efforts to the prosecution of litigation at some personal peril." *Roberts v. Texaco*, 979 F. Supp. 185, 201 (S.D.N.Y 1997).

The amount sought by Plaintiff is warranted in this case. Mr. Francisco was actively involved in this case during the entire litigation. He spent time searching for documents, contacting Class Counsel to discuss the status of the case approximately once every two weeks, preparing and appearing for deposition, poring over the details of the settlement agreement and speaking with co-workers regarding the case. Mr. Francisco has been the name and face for this litigation from the outset. Hundreds of people know he started this case. With respect to the work he performed, Plaintiff's counsel held conference calls with him on more than a dozen occasions pre-filing and post-filing to update him on the case and to interview him for additional details; he also met with Plaintiff's counsel to prepare for his deposition (more than once in person and several times over the phone) and to go over complicated documents such as the settlement agreement. (Declaration of Joseph M. Hekmat ("Hekmat Decl.") ¶ 14.)

In addition, Plaintiff ran the risk of not prevailing in this matter and thereby facing a cost bill. This is a real risk that Plaintiff assumed at his own expense alone for the benefit of the Class – a risk that the other members of the Class did not have to face in order to get the benefits of this Settlement. This risk is substantial, and not related to his work as a plaintiff. In fact, while there is a reason and risk to take this risk for oneself, it is a different and greater risk when taken for thousands of others. Most people are not interested in this risk.

Plaintiff put his name on a public record at the risk of possible future adverse employment consequences by future or potential employers who might choose to not hire him because he took the lead in this lawsuit. This was a significant risk that he has borne for the class who will reap the benefits of this case without having to face this risk personally themselves. *See Roberts*, 979 F. Supp. at 201. This also should be considered in the award of the Enhancement Payment.

Perhaps most importantly, Mr. Francisco has undertaken the challenge of living alone in Los Angeles while his family, including three boys, live in the Philippines. He has not seen his family since approximately March 2018 and has postponed his plans to return to the Philippines until after this matter has been resolved so that he can be available whenever needed. This is an emotional burden for Mr. Francisco, but one he insists on taking for the sake of seeing this class action through to the end. (Hekmat Decl. ¶ 15.)

Finally, and as mentioned previously, as part of the Settlement, Plaintiff was required to provide Defendant with a broader release, something that the class members did not have to surrender in order to receive the benefits under this Settlement.

The amount of $10,000 to Plaintiff as the class representative is extremely reasonable given the risks that he took on and bore for the class and the benefits he conveyed on them. In doing so, he has successfully brought and maintained

claims that may have never been brought. Plaintiff should be compensated accordingly for his individualized efforts. Any incentive award will be left entirely to the determination of the Court at the time of final approval of the Settlement. Based on the foregoing, Plaintiff requests that the Court preliminarily approve the enhancement award.

## IX.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting preliminary approval of this class action settlement.


DATED:  March 25, 2019                **YOON LAW, APC**
                                      **HEKMAT LAW GROUP**


                            By:    */s/ Kenneth H. Yoon*
                                      Kenneth H. Yoon
                                      Stephanie E. Yasuda
                                      Joseph M. Hekmat
                            Attorneys for Plaintiff Aristedes Francisco

MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT