KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

JOSEPH M. HEKMAT (State Bar No. 265229)
**HEKMAT LAW GROUP**
11111 Santa Monica Blvd., Suite 1700
Los Angeles, California 90025
Telephone: (424) 888-0848
Facsimile: (424) 270-0242

Class Counsel and
Attorneys for Plaintiff Aristedes Francisco

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTEDES FRANCISCO, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>EMERITUS CORPORATION, an unknown corporation; BROOKDALE SENIOR LIVING COMMUNITIES, INC., an unknown corporation, and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.: CV 17-02871 VAP (SSx)<br><br>[Hon. Virginia A. Phillips, Courtroom 8A]<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     September 23, 2019<br>Time:    2:00 p.m.<br>Place:   Courtroom 8A<br><br>Date Filed: March 16, 2017 |

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 23, 2019, at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 8A of the above-captioned Court, located at 350 West 1st Street, Los Angeles, CA 90012, Plaintiff Aristedes Francisco ("Plaintiff") will, and hereby does, bring an unopposed motion for an order: (1) granting final approval of the class action settlement reached by the Parties in this action, (2) fully and finally approving and directing distribution to the Class of the net settlement amount pursuant to the terms of the settlement, (3) fully and finally approving the Enhancement Payment to Plaintiff in the amount of $10,000.00, (4) fully and finally approving the award of attorneys' fees in the amount of $83,333.33, (5) fully and finally approving an award of costs in the amount of $15,000.00, and (6) fully and finally approving the Settlement Administration Costs in the amount of $21,552.00.

This motion will be based on this notice, the supporting memorandum of points and authorities, the declarations filed concurrently herewith, all pleadings and papers currently in the Court's file and such other oral and documentary evidence as may be presented at the hearing on this motion.

DATED: July 1, 2019                **YOON LAW, APC**
                                    **HEKMAT LAW GROUP**


                                    By:   */s/ Kenneth H. Yoon*
                                          Kenneth H. Yoon
                                          Stephanie E. Yasuda
                                          Joseph M. Hekmat
                                          *Class Counsel and Attorneys for Plaintiff*
                                          *Aristedes Francisco*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.    NOTICE TO THE CLASS ...................................................................2

III.    EVALUATION OF THE SETTLEMENT ..........................................3

IV.    THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE ......................................................................................4

V.    THE REQUESTED ENHANCEMENT PAYMENT IS REASONABLE.........5

VI.    SETTLEMENT ADMINISTRATOR'S COSTS SHOULD BE APPROVED ..6

VII.    CONCLUSION....................................................................................6

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# <u>TABLE OF AUTHORITIES</u>

**Page**

<u>State Cases</u>

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ...............................................................3, 4

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043, 1047 (9th Cir. 2002) ...........................................................5

*Mangold v. Cal. Public Utils. Comm'n*,
67 F.3d 1470, 1478 (9th Cir. 1995) ............................................................5

<u>Federal Cases</u>

*Kullar v. Foot Locker Retail, Inc.*,
168 Cal. App. 4th 116 (2008) .....................................................................3

*Laffitte v. Robert Half Int'l Inc.*,
1 Cal. 5th 480 (2016) ..................................................................................5

*Chavez v. Netflix, Inc.*,
162 Cal. App. 4th 43 (2008) .......................................................................5

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Plaintiff Aristedes Francisco ("Plaintiff" or "Class Representative") seeks the Court's final approval of the Joint Stipulation of Settlement and Release ("Settlement") between Plaintiff and Defendants Emeritus Corporation and Brookdale Senior Living Communities, Inc. ("Defendants"). The Settlement provides for $250,000 as the Maximum Settlement Amount with no reversion to the Defendants. The Net Settlement Amount is the balance of the Gross Settlement Amount after the following are deducted: (1) attorneys' fees in an amount up to $83,333.25 (33 1/3% of the Gross Settlement Amount); (2) actual litigation costs advanced by Class Counsel not to exceed $15,000; (3) Settlement Administration Costs up to $22,000.00; and (4) $10,00.000 for the Enhancement Payment to Plaintiff. The Class consists of all current and former non-exempt employees of Defendants who worked for Emeritus Corporation in California at any time from May 11, 2013 to the present, excluding those who transitioned to any Brookdale entity (Brookdale acquired Emeritus in 2014). The Class totals 2,292 persons. The Class Period is the period from May 11, 2013 through July 31, 2014.

Pursuant to the Court's order of April 30, 2019 granting preliminary approval, the Settlement Administrator, ILYM Group, Inc., has complied with this Court's requirements for notice to the Class by mailing notice to 2,292 Class Members contained in the class list. The results of the notice process are as follows:

1. Four (4) exclusion requests;
2. Zero (0) objections;
3. Ninety-Eight (98) undelivered notices.

Thus, virtually every Class Member (99.83%) will be sent a settlement payment. (Declaration of Stephanie Molina ("Molina Decl.") (DE 92)  ¶¶ 7-13.)

Plaintiff and Class Counsel respectfully request that the Court grant final approval of the Settlement, including payments from the gross settlement amount for

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

the Class Representative's Enhancement Payment of $10,000.00, attorneys' fees in the amount of $83,333.33, costs in the amount of $15,000.00, and settlement administration costs to ILYM Group, Inc. in the amount of $21,552.00, which is less than the $22,000.00 amount contained in the class notice. (Molina Decl. Ex. A, p. 4.)

## II.    NOTICE TO THE CLASS

Pursuant to the Court's Procedural Order granting preliminary approval of the class action settlement (DE 90), the Settlement Administrator gave notice via USPS First-Class Mail to the 2,292 Class Members contained in the class list on May 24, 2019. (Molina Decl. ¶ 7.) As part of the preparation for mailing, the Settlement Administrator processed all 2,292 names and addresses contained in the Class List against the National Change of Address ("NCOA") database maintained by the United States Postal Service, for purposes of updating and confirming the mailing addresses. (Molina Decl. ¶ 6.)

352 Notice Packets were returned to the Settlement Administrator as undeliverable, none bearing a forwarding address. The Settlement Administrator performed a computerized skip trace on all 352 returned Notice Packets in an effort to obtain an updated address for purposes of re-mailing the Notice Packet. As a result of this skip trace, the Settlement Administrator obtained 254 updated addresses and promptly re-mailed the Notice Packet to those Class Members via U.S. First Class Mail. (Molina Decl. ¶ 8.)

As of the date of this motion, a total of 254 Notice Packets have been re-mailed, and a total of 98 Notice Packets (4.3%) have been deemed undeliverable, as no updated address was found notwithstanding Settlement Administrator's skip tracing efforts. (Molina Decl. ¶ 10.) There were four requests for exclusion and no objections.  (Molina Decl. ¶¶ 11, 12.)

The Settlement Administrator has been and will continue to perform the required duties to ensure the best practicable notice, as set forth in the Settlement and the Court's order.

## III.    EVALUATION OF THE SETTLEMENT

To determine the preliminary fairness of an agreement, the Court balances the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

The Court's Procedural Order (DE 90) addressed the *Linney* factors and concluded that the Settlement was fair, reasonable, and adequate. As set forth in Plaintiff's motion for preliminary approval (DE 88) and the declaration of the Settlement Administrator (DE 92), Plaintiff has provided the Court with the "basic information about the nature and magnitude of the claims in question and the basis for concluding that the consideration being paid for the release of those claims represents a reasonable compromise." *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 133 (2008). This includes the gross settlement amount, the average net recovery to each Class Member, and an estimate of actual damages.

To briefly reiterate the points made in Plaintiff's motion for preliminary approval, the Settlement in the amount of $250,000.00 represents a fair, reasonable, and adequate result in this action. The parties actively litigated this case since the commencement of the lawsuit in March 2017. Counsel for the parties used the pre-mediation time period to investigate the veracity, strength, and scope of the class claims, and also to prepare the matter for class certification. The parties conducted formal and informal investigations and discovery into the facts of the case (including motion practice as needed), which included, and were not limited to: obtaining contact information for putative class members; contacting and interviewing Plaintiff and other putative class members; conducting depositions; propounding written discovery requests; and reviewing and analyzing voluminous documents and data

produced by Defendants, including with the assistance of an expert. These documents and data included, and were not limited to, employment records for Plaintiff and other putative class members, a large sampling of payroll data for putative class members, and Defendants' operations and employment policies, practices, and procedures. Class Counsel have extensive experience in employment class action law, including significant experience in wage-and-hour class action litigation. Class counsel have been appointed class counsel in numerous employment class action cases, and have recovered millions of dollars for individuals in California. Both Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendants and the benefits of the Settlement under the circumstances of the case and in the context of a private, consensual settlement agreement. Further, the Settlement takes into account the potential risks and rewards inherent in any case and, in particular, with this case. This action has not proceeded through class certification, and both Parties faced the risk of the Court's certification decision. Following class certification, preparation for trial would have been expensive for all parties, and trial outcomes are inherently uncertain.

In addition to this information Plaintiff supplied in support of his motion for preliminary approval, Plaintiff notes Class Members' reaction to the Settlement has been overwhelmingly positive, as detailed in the declaration of the Settlement Administrator filed on July 22, 2019 (DE 92). Specifically, of a Class of 2,292 persons, there have been zero objections and four opt-outs, for a total participation rate of 99.83%. (Molina Decl. (DE 92) ¶¶ 7-13.) Thus, 2,288 Qualified Claimants will share in the net amount of $120,114.67. Along with the other *Linney* factors previously considered by the Court, this factor also weighs in favor of final approval.

## IV.  THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

As detailed in Plaintiff's motion for attorneys' fees and costs filed on July 1, 2019 (DE 91), Plaintiff is requesting attorneys' fees in the amount of $83,333.33, which represents a thirty-three and one-third percent of the Gross Settlement Amount

of $250,000.00. Plaintiff is also requesting an award of litigation costs in amount of $15,000.00, which is less than the actual costs of $15,176.14. Defendants do not oppose these requests, and there have been no objections from the Class to these amounts.

In a diversity action such as this, federal courts apply state law both to determine the right to fees and the method for calculating them. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit has held that it will "follow other circuits that apply state law in calculating the fee." *Mangold v. Cal. Public Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). California law, in turn, embraces the percentage method, which "calculates the fee as a percentage share of a recovered common fund or the monetary value of the plaintiffs' recovery." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 490 (2016). Under the percentage method, "fee awards in class actions average around one-third of the recovery." *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, n.11 (2008).

Thus, Plaintiff's request for fees in the amount of one-third of the common fund is appropriate. Moreover, as detailed in Plaintiff's fee motion (DE 91), Class counsel's total lodestar is $468,653.42, based on 712.6 attorney hours, and thus the requested fees are less than a fifth of class counsel's total lodestar. Thus, the lodestar cross-check provides support for Plaintiff's request. *See Vizcaino*, 290 F.3d at 1050 ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award"). The reasonableness of the requested fee award is confirmed by the lodestar cross-check.

Further, Class Counsel took a significant risk in pursuing this case, and obtained an excellent result. Brookdale acquired Emeritus in 2014, and at the time disseminated an arbitration agreement to its employees. Thus, the Class consists only of those persons who worked for Emeritus and did not subsequently execute arbitration agreements, *i.e.*, the Class is comprised of former employees of Defendant Emeritus whose employment terminated over five years ago. The likelihood of

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

success at class certification – which is so often dependent upon class members' willingness to participate in the action and execute declarations – is low because Class Members are less likely to (1) recall events that happened over five years ago, and (2) have a desire to involve themselves in an action that challenges employment practices of a former employer that occurred many years ago. Further, at the time of filing of this action, the time period for which Plaintiff and counsel could assert a claim was a narrow one-year period, as the statute of limitations had run on any claims Plaintiff may have had under California's Labor Code. Thus, this action is premised solely upon the alleged violation of California's Unfair Competition Law ("UCL"). Nevertheless, the Settlement represents almost 30% of the estimated actual loss.

Based on the foregoing and on Plaintiff's fee motion (DE 91), Plaintiff respectfully requests the Court finally approve attorneys' fees in the amount of $83,333.33.

## V.    THE REQUESTED ENHANCEMENT PAYMENT IS REASONABLE

As detailed in Plaintiff's motion for attorneys' fees and costs filed on July 1, 2019 (DE 91), as well as Plaintiff's declaration (DE 91-4), Plaintiff has made significant sacrifices to pursue this lawsuit. Most notably, Plaintiff has lived alone in Los Angeles and deferred returning to his family in the Philippines so that he could be available during the pendency of this action. He has not seen his wife and three boys since approximately December 2017. This is a unique hardship that a typical class representative would not ordinarily face, and one that Plaintiff took upon himself for the benefit of this Class.

Accordingly, Plaintiff respectfully requests that the Court approve an Enhancement Payment in the amount of $10,000.00 for his work done on behalf of the Class.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## VI.    SETTLEMENT ADMINISTRATOR'S COSTS SHOULD BE APPROVED

The Settlement Administrator initially estimated $22,000.00 for administration costs, which is the amount disclosed in the Class Notice. However, the final costs are *less* than the not-to-exceed amount, at $21,552.00. According to the Settlement, Settlement Administration Costs shall be paid from the Gross Settlement Amount.

The Settlement Administrator has complied with the terms of the Settlement and the Court's Procedural Order. For these reasons, Plaintiff respectfully submits the Court should approve the Settlement Administration Costs in the amount of $21,552.00.

## VII.    CONCLUSION

Based on the foregoing argument and authority, Plaintiff respectfully submits that the standards for final approval of the Settlement have been met, and the terms of the Settlement are fair, adequate and reasonable.

DATED:  July 1, 2019              **YOON LAW, APC**
                                  **HEKMAT LAW GROUP**


                                  By:   */s/ Kenneth H. Yoon*
                                        Kenneth H. Yoon
                                        Stephanie E. Yasuda
                                        Joseph M. Hekmat
                                        *Class Counsel and Attorneys for Plaintiff*
                                        *Aristedes Francisco*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT